UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                               :
JAMES K. FORD,                 :
                               :  Civil Action No. 12-4534 (FLW)
              Plaintiff,        :
                               :
         v.                    :  MEMORANDUM OPINION
                               :
THE STATE OF NEW JERSEY,        :
et al.,                        :
                               :
              Defendants.       :
_____:
_____:
```

APPEARANCES:

Plaintiff <u>pro</u> <u>se</u>
James K. Ford
77416
PO Box 3000
Somerville, NJ 08876

**WOLFSON**, DISTRICT JUDGE

    Plaintiff, a prisoner at Somerset County Jail in Somerville,
New Jersey has submitted a <u>pro</u> <u>se</u> complaint under 42 U.S.C. §
1983 alleging violations of his civil rights.  He seeks to
proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915.  For the
following reasons, Plaintiff's request to proceed <u>in</u> <u>forma</u>
<u>pauperis</u> will be denied.

**<u>BACKGROUND</u>**

    In his Complaint, Plaintiff attempts to bring claims against
certain supervisors at the Somerset County Jail for actions of
staff members at the Jail, actions which allegedly violated
Plaintiff's due process rights while incarcerated at Somerset

County Jail.  Plaintiff seeks monetary relief in the amount of $200,000.00.

## DISCUSSION

Plaintiff seeks to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Dismissals for frivolousness of civil actions or appeals prior to the passage of the PLRA count as "strikes" under 28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)).

A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury."  Id.  When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of filing of the

2

complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger."  Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals that Plaintiff has filed three previous civil actions in the District of New Jersey, in which in forma pauperis status had been granted and which have all been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A.  See Ford v. Vanhise, et al., Civil No. 11-7200 (JAP); Ford v. Bergen County Prosecutor's Office, Civil No. 12-574 (JAP); Ford v. The State Of New Jersey, Civil No. 12-708 (JAP).

Accordingly, Plaintiff has reached the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury," which would excuse him from the restrictions under § 1915(g).

In his Complaint, Plaintiff makes no allegations or claims of "imminent danger."  Rather, the claims made in this Complaint all stem from alleged due process violations at the Somerset County Jail.  Plaintiff states that he and his brother[1] were "placed in a holding cell with a state inmate, knowingly and purposely by staff member, to make a bodly [sic] harm attempt on

---

[1]Plaintiff's brother Elijah D. Ford signed the Complaint, but was not listed as a party to the case.

3

our well being." He states that the state inmate made a "violent atempt [sic] on my being, and then he assualted [sic] me...." Plaintiff asserts that he and his brother were placed in "lock up" after the incident. Plaintiff states that their due process rights were violated on July 10, 2012 when a hearing was conducted, but Plaintiff did not detail the specifics of the hearing.

As referenced above, the threat of imminent danger must be prospective and cannot relate to a past incident of harm as alleged here. See Abdul-Akbar, 239 F.3d at 312. Plaintiff alleged nothing to indicate that the allegations are threatening to cause "imminent danger." Therefore, because the Complaint in this action does not contain sufficient allegations reasonably suggesting that Plaintiff is in "imminent danger of serious physical injury," which would excuse him from the restrictions under § 1915(g), Plaintiff may not proceed in forma pauperis.

This Court makes no findings as to whether or not Defendants have violated any state or federal law, or otherwise violated Plaintiff's constitutional rights. However, this Court finds that Plaintiff has not demonstrated "imminent danger" in order to override the "three strikes" requirement of 1915(g).

## CONCLUSION

Based on the foregoing, Plaintiff's request to proceed in forma pauperis will be denied, pursuant to 28 U.S.C. § 1915(g).

4

As set forth in the accompanying Order, Plaintiff's case will be administratively terminated.  Upon submission of the filing fee within 30 days, Plaintiff may move to reopen his case, if he so chooses.

s/Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge